NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
FOREM BAGCO, INC.,                  :
                                    :
         Plaintiff,                 :
                                    :
    v.                              :   CIVIL ACTION NO. 05-4378 (JAP)
                                    :
TECO LTD.,                          :
                                    :   **OPINION**
         Defendant.                 :
_____:

APPEARANCES:

Neil L. Prupis, Esq.
Lampf, Lipkind, Prupis & Petigrow, PA
80 Main Street
West Orange, New Jersey 07052
    *Attorney for Plaintiff*

Bruce D. Greenberg, Esq.
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center
12th Floor
Newark, New Jersey 07102
    *Attorney for Defendant*

PISANO, District Judge.

On July 1, 2008, the Court entered an Order denying a motion for summary judgment brought by Defendant Teco Ltd. ("Defendant"). The Court found that genuine issues of material fact exist as to the four claims asserted by Plaintiff Forem Bagco, Inc. ("Plaintiff"). Defendant presently moves for a partial reconsideration of that Order. Plaintiff opposes the motion in part, but agrees to withdraw its claim for tortious interference. For the reasons set forth herein, the

Court denies the motion and dismisses as withdrawn Count Three of Plaintiff's Complaint.

## I. BACKGROUND

On September 7, 2005, Plaintiff initiated the present action by filing a four-count Complaint against Defendant arising from a commercial dispute in the plastic bag industry. Plaintiff asserts causes of action for alleged breach of contract, breach of good faith and fair dealing, tortious interference with prospective economic advantage, and conversion.

On March 17, 2008, Defendant moved for summary judgment, seeking a judgment entered in its favor as to all four counts. Plaintiff opposed the motion. However, in Plaintiff's brief in opposition, Plaintiff did not address Defendant's arguments as to the claim for tortious interference. On July 1, 2008, the Court entered an Order denying Defendant's motion for summary judgment. The Court found that genuine issues of material fact exist as to all four counts raised by Plaintiff, and, thus, determined summary judgment to be inappropriate.

Defendant now moves for a partial reconsideration of the Court's July 1, 2008 Order. Defendant submits that there is a need to correct clear error of law and/or to prevent manifest injustice. Defendant proffers two arguments to support its motion. First, Defendant claims that the Court should reconsider its Order to find that Plaintiff "waived" its tortious interference claim by failing to specifically oppose Defendant's summary judgment motion as to that count. Second, Defendant argues that summary judgment is appropriate as to Plaintiff's claim of conversion because Plaintiff bases that claim entirely on facts amounting to a breach of contract. Plaintiff opposes Defendant's motion for reconsideration in respect of the conversion claim. However, Plaintiff expresses agreement to withdraw its claim for tortious interference as alleged in Count Three of the Complaint.

## II. DISCUSSION

### A. Standard of Review

In New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). L. Civ. R. 7.1(i). A district court exercises discretion on the issue of whether to grant a motion for reconsideration. *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at 1218 (internal quotation and editing marks omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Ibid.* (internal quotation marks omitted).

### B. Analysis

Presently, Defendant invokes the third ground listed above in moving for reconsideration of the Court's July 1, 2008 Order: "the need to correct clear error of law or prevent manifest injustice." *N. River Ins. Co.*, *supra*, 52 F.3d at 1218. Defendant specifically seeks the Court to find that an entry of summary judgment in Defendant's favor is warranted as to Plaintiff's tortious interference and conversion claims. Because Plaintiff withdraws its claim for tortious interference, the Court addresses only Defendant's arguments in respect of the conversion claim.

The Court concludes that reconsideration of the denial of Defendant's summary judgment motion as to Plaintiff's claim of conversion is not appropriate. In seeking reconsideration,

Defendant characterizes Plaintiff's arguments asserted in its brief in opposition to Defendant's summary judgment motion. According to Defendant, Plaintiff bases its conversion claim entirely on the existence of a contract entered into by the parties in 2001. Defendant submits then, because Plaintiff cannot sustain a conversion claim on a breach of contract, the Court should grant summary judgment in favor of Defendant on this count. However, the Court disagrees.

Initially, the Court finds this argument to be a recapitulation of the argument raised on Defendant's motion for summary judgment.[1] Nevertheless, the Court does not agree with Defendant's characterization of Plaintiff's arguments. Upon review of Plaintiff's brief in opposition to Defendant's motion for summary judgment, Plaintiff discussed a contract entered into by the parties in 2001 for the purpose of establishing Plaintiff's *ownership* over certain business property. Plaintiff, however, did not base its entire claim of conversion on the existence, or breach, of that contract. Therefore, the Court denies Defendant's motion for reconsideration as to Plaintiff's conversion count.

### III. CONCLUSION

For the reasons stated above, the Court denies Defendant's motion for reconsideration. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: August 25, 2008

---

[1] In moving for summary judgment as to Plaintiff's conversion claim, Defendant argued that the claim must fail because Plaintiff bases it entirely on facts amounting to a breach of contract. The Court recognizes, however, that Defendant originally argued that Plaintiff bases the claim on a breach of an agreement entered into in 2005, rather than one entered into in 2001. This modification, even in light of Plaintiff's brief in opposition to the summary judgment motion, does not render the argument a new one.